UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| SHELTER MUTUAL INSURANCE CO | CIVIL ACTION NO. 13-2660 |
| versus | JUDGE TOM STAGG |
| CHRISTOPHER CLOUD | MAG. JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the court is a motion to intervene filed by Christy Hatfield ("Hatfield"). See Record Document 10. For the foregoing reasons, Hatfield's motion is **GRANTED.**

**I. BACKGROUND**

The instant lawsuit filed by Shelter Mutual Insurance Co. ("Shelter") seeks a default judgment against Christopher Cloud ("Cloud"). Shelter issued a homeowner's insurance policy to Cloud which was in effect from May 14, 2009, to May 14, 2010. See Record Document 1, Ex. 1. In the event of an accident covered by the policy, Cloud was required to notify Shelter about the accident and forward all correspondence and legal papers relating to the claim. See id., Ex. 1.

Hatfield filed a petition for damages (the "Hatfield lawsuit") against Cloud in Louisiana state court on February 1, 2010, alleging that a dog bit her in the face while

she was a guest at Cloud's home on or about May 30, 2009.  See id., Ex. 2.  A default judgment was entered against Cloud in the Hatfield lawsuit on March 4, 2013, confirming a preliminary default entered on March 11, 2010, in the amount of $222,922.83.  See id., Ex. 6.

Shelter filed the instant lawsuit against Cloud on September 13, 2013, seeking "a declaratory judgment in its favor declaring (1) that there is not coverage under the Shelter Policy for the damages alleged by Hatfield in the [Hatfield] lawsuit, and (2) that Shelter owes no duty to Cloud to defend or to indemnify him regarding Hatfield's alleged damages."  See id.  Shelter contends that Cloud did not inform Shelter that he had been sued prior to the default judgment being entered against him, and the first notice that Shelter received of the Hatfield lawsuit was a telephone call from Cloud on March 28, 2013.  See id.

A summons was issued to Cloud on September 16, 2013, and returned executed by personal service on September 24, 2013.  See Record Documents 3 and 4.  The summons provided: "Within the time required by law, normally 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure."  See Record Document 3.  No responsive pleading of any kind was filed by Cloud within this time period.

On October 23, 2013, Shelter filed a request for the Clerk of Court to enter a default against Cloud. See Record Document 5. The Clerk of Court filed a "Notice Of Entry Of Default" into the record on October 24, 2013. See Record Document 6. Shelter filed a motion for default judgment on November 8, 2013. See Record Document 7. Cloud has not filed any responsive pleadings and has made no appearance. Hatfield filed the instant motion to intervene on January 17, 2014. See Record Document 10. Shelter was given until February 3, 2014, to file an opposition to Hatfield's motion to intervene. See Record Document 12. Shelter has not filed any responsive pleadings. Therefore, the motion to intervene is considered unopposed.

## II.  LAW AND ANALYSIS

**A.  Motion To Intervene.**

Two types of intervention exist in federal law: intervention of right and permissive intervention. See Fed. R. Civ. P. 24. Hatfield contends she qualifies for both types of intervention.

### i.  Intervention Of Right.

To be entitled to intervene of right in a pending action, a movant must show four things: 1) the motion to intervene was timely filed; 2) the movant must claim an interest relating to the property or transaction which is at issue in the action; 3) the movant must be in a position such that disposing of the action may, as a practical

matter, impair or impede his ability to protect his interest; and 4) the movant's interest must be inadequately represented by the existing parties to the action. See Fed. R. Civ. P. 24(a)(2); Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005). Failure to satisfy any one of these requirements precludes a party from intervening as a matter of right. See Ross, 426 F.3d at 753. However, the court has flexibility and should generally allow intervention if "no one would be hurt and greater justice could be attained." Id. at 753 (internal quotation marks and citations omitted).

The timeliness of a motion to intervene should be determined on a case-by-case basis. See Edwards v. City of Houston, 78 F.3d 983, 1000 (5th Cir. 1996). In deciding the timeliness of a motion to intervene, the court can consider the length of time the movant reasonably should have known of its interest before seeking to intervene, the prejudice that the existing parties may suffer from the movant's failure to apply as soon as it should have known of its interest, the prejudice that the movant may suffer if his motion to intervene is denied, and whether there are any unusual circumstances weighing either for or against a finding that the motion to intervene is timely. See Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

The court finds Hatfield's motion is timely. Hatfield appears to have filed its motion soon after finding out about this lawsuit. Moreover, Hatfield will be significantly prejudiced if her motion to intervene is denied. In the event the court

granted Shelter's motion for a default judgment against Cloud, Hatfield would be unable to collect from Shelter on her money judgment in the Hatfield lawsuit. Having failed to opposed Hatfield's motion, Shelter has not alerted the court to any unusual circumstances that would weigh in its favor. Thus, the court finds the motion to intervene is timely.

As to the second requirement, a movant seeking to intervene must show a "direct, substantial, legally protectable interest" in the action. Edwards, 78 F.3d at 1004 (internal quotation marks and citations omitted). As noted above, Hatfield has obtained a money judgment against Cloud in state court. Under Louisiana's direct action statute, Hatfield has a right of action against Shelter with regard to her injuries. See La. R.S. 22:1269; Record Document 1, Ex. 1. Cloud's policy with Shelter included $100,000 in personal liability coverage. See Record Document 1, Ex. 1. If the court were to rule in Shelter's favor on its motion for a default judgment against Cloud, Hatfield would no longer have any claim against Shelter, losing access to an asset that would satisfy a significant portion of her judgment against Cloud. In a factually similar case, the Eastern District of Louisiana found that the movant had a direct, substantial, legally protectable interest and granted the motion to intervene. See In re Babcock & Wilcox Co., No. 01-912, 2001 WL 1095031 (E.D. La. Sept. 18,

5

2001). This court likewise finds that Hatfield has a direct, substantial, legally protectable interest that favors allowing her to intervene in the present action.

The third factor—whether disposing of the action in the movant's absence may practically impair or impede her ability to protect her interest—also weighs in favor of granting Hatfield's motion. Shelter's lawsuit against Cloud seeks a declaratory judgment that there is no coverage for Hatfield's damages under Cloud's insurance policy with Shelter and that Shelter owes no duty to indemnify Cloud. Granting Shelter's motion for a default judgment and issuing a declaratory judgment to that effect would preclude Hatfield from making any claim against Shelter to satisfy her judgment against Cloud. See In re Babcock & Wilcox Co., 2001 WL 1095031 at *4. Thus, disposing of the action would practically impede Hatfield's ability to protect her interest.

Finally, Hatfield's interest is not adequately represented by the existing parties to the action. The movant need only show that representation may be inadequate. See Sierra Club, 18 F.3d at 1207. Shelter's interests in the present action are unquestionably averse to Hatfield's because Shelter is seeking a declaratory judgment that it is not liable for any coverage or indemnity regarding Hatfield's injuries. Cloud has filed no responsive pleadings in this action. Moreover, Hatfield has a money

judgment against Cloud and Shelter hired an attorney to represent Cloud in that action. Thus, the existing parties do not adequately represent Hatfield's interest.

Having found that all four of the requirements under Federal Rule of Civil Procedure 24(a)(2) have been met, the court finds the movant is entitled to intervene as a matter of right.

### ii.   Permissive Intervention.

The court may permit anyone to intervene in an action if that person "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Permissive intervention is left entirely to the court's discretion.  See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470-71 (5th Cir. 1984).  For many of the same reasons discussed above, the court finds that Hatfield should be permitted to intervene in the instant action.

### III.  CONCLUSION

For the above stated reasons, Hatfield's motion to intervene is **GRANTED.** An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this, the 13th day of February, 2014.

Mark L. Hornsby
U.S. Magistrate Judge