RECEIVED

APR 1 1 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

SHELTER MUTUAL INSURANCE
COMPANY

CIVIL ACTION NO. 13-2660

versus

JUDGE TOM STAGG

CHRISTOPHER CLOUD

## MEMORANDUM RULING

Before the court are two motions: a motion for default judgment filed by the plaintiff, Shelter Mutual Insurance Company ("Shelter"), and a motion to dismiss filed by the intervenor, Christy Hatfield ("Hatfield"). See Record Documents 7 and 17. For the foregoing reasons, Shelter's motion is **DENIED** and Hatfield's motion is **DENIED**.

## I. BACKGROUND[1]

The instant lawsuit filed by Shelter seeks a declaratory judgment against the defendant, Christopher Cloud ("Cloud"). Effective May 14, 2009, Shelter issued a homeowner's insurance policy, policy number 17-71-006853750-0001 ("Shelter

---

[1] The facts set forth herein are taken as true from Shelter's complaint because there is a pending motion to dismiss. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65 (2007).

Policy"), to Cloud. See Record Document 1, Ex. 1. The Shelter Policy had an expiration date of May 14, 2010, and provided $100,000 in personal liability coverage. See id., Ex. 1 at 2. The Shelter Policy provides, in pertinent part:

> 1. WHAT TO DO IN CASE OF **BODILY INJURY** OR **PROPERTY DAMAGE**
> In the event of an **accident** covered under this policy, the **insured** must promptly take all of the following actions:
> (a) Notify **us** or **our** agent as soon as possible. The notice must give:
> >  (1) **your** name and policy number;
> >  (2) the time, place and circumstances of the **accident**; and
> >  (3) the names and addresses of all injured **individuals** and witnesses.
> (b) Cooperate with **us**, and assist **us** in any matter relating to a **claim**.
> (c) Send **us** all correspondence and all legal papers that relate to any **claim**, made by anyone, against **us** or against the **person** seeking such coverage.

Id., Ex. 1 at 12 (emphasis in original). The Shelter Policy defines an "accident" as "an action or occurrence . . . that . . . started abruptly, . . . during the policy period, and . . . directly resulted in **bodily injury** or **property damage**." Id., Ex. 1 at 6 (emphasis in original). A "claim" is defined as "a request by any **person** for benefits under this policy as a result of any one **accident**." Id. Ex. 1 at 7 (emphasis in original). The Shelter Policy specifically states that the term "claim" includes lawsuits. See id.

2

A lawsuit for damages (the "Hatfield lawsuit") was brought against Cloud in Louisiana state court on February 1, 2010, by Hatfield. See id., Ex. 2. Hatfield alleged that a dog bit her in the face while she was a guest at Cloud's home on or about May 30, 2009. See id., Ex. 2. The Hatfield lawsuit was personally served on Cloud on February 3, 2010.[2] See id., Ex. 5. A default judgment was entered against Cloud in the Hatfield lawsuit on March 4, 2013, confirming a preliminary default entered on March 11, 2010, in the amount of $222,922.83. See id., Ex. 6.

Shelter contends that, prior to the default judgment being entered, Cloud did not inform Shelter that he had been sued. See id. Moreover, Shelter alleges that Cloud did not send Shelter a copy of two letters that Hatfield's attorney sent to Cloud before the Hatfield lawsuit was filed requesting information about Cloud's homeowner's insurance policy.[3] See id. at ¶ 6, Exs. 3 and 4. Shelter claims the first notice it received of the Hatfield lawsuit was a telephone call from Cloud on March 28, 2013. See id. at ¶ 8. Shelter hired an attorney on Cloud's behalf, who filed a petition to annul the default judgment. The petition to annul was denied on September 9, 2013. See id., Ex. 9.

---

[2] Cloud has testified under oath that he was never served with the Hatfield lawsuit. See Record Document 7, Ex. 1 at 14-15 and Ex. 2 at 12.

[3] Cloud has testified under oath that he did not receive either of the letters at issue. See Record Document 7, Ex. 1 at 17 and Ex. 2 at 14-17.

Shelter filed the instant lawsuit against Cloud on September 13, 2013, seeking "a declaratory judgment in its favor declaring (1) that there is not coverage under the Shelter Policy for the damages alleged by Hatfield in the [Hatfield] lawsuit, and (2) that Shelter owes no duty to Cloud to defend or to indemnify him regarding Hatfield's alleged damages." See id. Shelter contends it is entitled to this declaratory judgment because Cloud did not promptly notify Shelter of the Hatfield lawsuit, as required by the relevant portions of the Shelter Policy cited above, yet Cloud has made a demand on Shelter to negotiate with Hatfield regarding satisfaction of the default judgment against him. See id., Ex. 9. A summons was issued to Cloud on September 16, 2013, and executed by personal service on September 21, 2013. See Record Documents 3 and 4. The summons provided: "Within the time required by law, normally 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." See Record Document 3. No responsive pleading of any kind was filed by Cloud within this time period.

On October 23, 2013, Shelter filed a request for the Clerk of Court to enter a default against Cloud. See Record Document 5. The Clerk of Court filed a "Notice Of Entry Of Default" into the record on October 24, 2013. See Record Document 6. Shelter filed the instant motion for a default judgment on November 8, 2013. See

4

Record Document 7. Cloud has not filed any responsive pleadings and has made no appearance.

Hatfield filed a motion to intervene on January 17, 2014. See Record Document 10. Neither Shelter nor Cloud opposed Hatfield's motion to intervene, and the court granted the motion on February 13, 2014. See Record Documents 13 and 14. Hatfield filed an answer to Shelter's complaint. See Record Document 15. Thereafter, Hatfield filed the instant motion to dismiss, or in the alternative a memorandum in opposition to Shelter's pending motion for a default judgment. See Record Document 17. Shelter filed an opposition to the motion to dismiss and a reply brief in support of its motion for a default judgment. See Record Documents 21 and 22.

## II. LAW AND ANALYSIS

A.  **Motion To Dismiss—Ripeness.**

The instant motion to dismiss filed by the intervenor, Hatfield, contends that Shelter's claim for a declaratory judgment is not ripe because the underlying state court action is being appealed. See Record Document 17. Ripeness is an element of subject matter jurisdiction. See Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012). "The doctrine of ripeness requires a court to evaluate both the fitness of the issues for judicial decision and the hardship to the parties by withholding court

5

consideration." Cowdin v. Young, 681 F. Supp. 366, 367 (W.D. La. 1987). In actions seeking a declaratory judgment, "whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, LLC, 322 F.3d 835, 838 (5th Cir. 2003). The burden of proof rests with the party asserting that jurisdiction exists. See Greenstein, 691 F.3d at 714.

First, the court notes that Hatfield's motion to dismiss does not expressly address the duty to defend. Specifically, Hatfield argues that "a declaratory judgment action to determine an insurer's **duty to indemnify** is not ripe until the underlying case has been resolved." Record Document 17, Memorandum In Support at 2 (emphasis added). Because Hatfield failed to set forth any arguments that the question of whether Shelter owes Cloud a duty to defend is not ripe, the court will only consider the ripeness of Shelter's claim that it does not owe Cloud a duty to indemnify him for damages that Hatfield claimed in her state court lawsuit.

Hatfield argues that Shelter's complaint is not ripe because the Hatfield lawsuit is still on appeal in state court. Hatfield cites to a number of Fifth Circuit cases showing that, generally, actions for a declaratory judgment regarding an insurer's duty to indemnify are not ripe until the insured is found liable in an underlying

6

lawsuit. See Willbros RPI, Inc. v. Cont'l Cas. Co., 601 F.3d 306, 313-14 (5th Cir. 2010); Barden Miss. Gaming LLC v. Great N. Ins. Co., 576 F.3d 235, 239-40 (5th Cir. 2009); Coregis Ins. Co. v. Sch. Board of Allen Parish, No. 07-30844, 2008 WL 2325632 at *2-*3 (5th Cir. June 6, 2008). However, in each of these cases, there was not yet a judgment in the underlying lawsuit. See Willbros RPI, Inc., 601 F.3d at 314; Barden Miss. Gaming LLC, 576 F.3d at 239-40; Coregis Ins. Co., 2008 WL 2325632 at *2. The instant case is therefore distinguishable because a judgment was issued against the insured, Cloud, in the underlying state action. See Record Document 1, Ex. 7. Consequently, the question of whether Shelter owes any duty to indemnify Cloud for the damages alleged in the Hatfield lawsuit is ripe for adjudication. Therefore, Hatfield's motion to dismiss is **DENIED**.

**B. Default Judgment.**

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk of court enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original)(internal citations omitted). Default judgments are generally disfavored, and whether a default judgment should be issued is left solely to the discretion of the

court. See Lindsey v. Prive Corp., 161 F.3d 886, 892 (5th Cir. 1998). When considering whether to issue a default judgment, the court should consider

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

Id.

The court is not inclined to grant a default judgment under the circumstances of this case. There are material issues of fact that remain in dispute. Specifically, contradictory evidence exists as to whether Cloud was served with the complaint in the Hatfield lawsuit and what information Shelter knew about both the Hatfield lawsuit and the underlying incident. Although Cloud has not yet appeared in the instant action, Hatfield has intervened and appears ready to oppose Shelter's action on the merits. Because default judgments are disfavored under the law, the court in its discretion shall not issue a default judgment in this instance. Therefore, Shelter's motion is **DENIED**.[4]

---

[4] Because the court finds that a default judgment should not be issued, the court does not reach the question of whether the declaratory relief sought by Shelter is appropriate.

8

## III. CONCLUSION

For the above stated reasons, Hatfield's motion to dismiss is **DENIED** and Shelter's motion for default judgment is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this, the 10th day of April, 2014.

_____
JUDGE TOM STAGG