UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

SHELTER MUTUAL INSURANCE
COMPANY

CIVIL ACTION NO. 13-2660

versus

JUDGE TOM STAGG

CHRISTOPHER CLOUD

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the plaintiff, Shelter Mutual Insurance Company ("Shelter"). See Record Document 30. For the foregoing reasons, Shelter's motion is **GRANTED**.

## I. BACKGROUND

The instant motion filed by Shelter seeks summary judgment against the defendant, Christopher Cloud ("Cloud"). Effective May 14, 2009, Shelter issued a homeowner's insurance policy, policy number 17-71-006853750-0001 ("Shelter Policy"), to Cloud. See Record Document 1, Ex. 1. The Shelter Policy had an expiration date of May 14, 2010, and provided $100,000 in personal liability coverage. See id., Ex. 1 at 2. The Shelter Policy provides, in pertinent part:

    1. WHAT TO DO IN CASE OF **BODILY INJURY** OR **PROPERTY DAMAGE**

>In the event of an **accident** covered under this policy, the **insured** must promptly take all of the following actions:
>(a) Notify **us** or **our** agent as soon as possible. The notice must give:
>>(1) **your** name and policy number;
>>(2) the time, place and circumstances of the **accident**; and
>>(3) the names and addresses of all injured **individuals** and witnesses.
>
>(b) Cooperate with **us**, and assist **us** in any matter relating to a **claim**.
>(c) Send **us** all correspondence and all legal papers that relate to any **claim**, made by anyone, against **us** or against the **person** seeking such coverage.

Id., Ex. 1 at 12 (emphasis in original). The Shelter Policy defines an "accident" as "an action or occurrence . . . that . . . started abruptly, . . . during the policy period, and . . . directly resulted in **bodily injury** or **property damage**." Id., Ex. 1 at 6 (emphasis in original). A "claim" is defined as "a request by any **person** for benefits under this policy as a result of any one **accident**." Id. Ex. 1 at 7 (emphasis in original). The Shelter Policy specifically states that the term "claim" includes lawsuits. See id.

A lawsuit for damages (the "Hatfield lawsuit") was brought against Cloud in Louisiana state court on February 1, 2010, by Christy Hatfield ("Hatfield"). See id., Ex. 2. Hatfield alleged that a dog bit her in the face while she was a guest at Cloud's home on or about May 30, 2009. See id., Ex. 2. The Hatfield lawsuit was personally

served on Cloud on February 3, 2010.[1] See id., Ex. 5. A default judgment was entered against Cloud in the Hatfield lawsuit on March 4, 2013, confirming a preliminary default entered on March 11, 2010, in the amount of $222,922.83. See id., Ex. 6.

Shelter contends that, prior to the default judgment being entered, Cloud did not inform Shelter that he had been sued. See id. Moreover, Shelter alleges that Cloud did not send Shelter a copy of two letters that Hatfield's attorney sent to Cloud before the Hatfield lawsuit was filed requesting information about Cloud's homeowner's insurance policy.[2] See id. at ¶ 6, Exs. 3 and 4. Shelter claims the first notice it received of the Hatfield lawsuit was a telephone call from Cloud on March 28, 2013. See id. at ¶ 8. Shelter hired an attorney on Cloud's behalf, who filed a petition to annul the default judgment. The petition to annul was denied on September 9, 2013. See id., Ex. 9.

Shelter filed the instant lawsuit against Cloud on September 13, 2013, seeking "a declaratory judgment in its favor declaring (1) that there is not coverage under the Shelter Policy for the damages alleged by Hatfield in the [Hatfield] lawsuit, and (2)

---

[1] Cloud testified under oath that he was never served with the Hatfield lawsuit. See Record Document 7, Ex. 1 at 14-15 and Ex. 2 at 12.

[2] Cloud testified under oath that he did not receive either of the letters at issue. See Record Document 7, Ex. 1 at 17 and Ex. 2 at 14-17.

3

that Shelter owes no duty to Cloud to defend or to indemnify him regarding Hatfield's alleged damages." See id. Shelter contended that it was entitled to declaratory judgment because Cloud did not promptly notify Shelter of the Hatfield lawsuit, as required by the relevant portions of the Shelter Policy cited above, yet Cloud made a demand on Shelter to negotiate with Hatfield regarding satisfaction of the default judgment against him. See id., Ex. 9. A summons was issued to Cloud on September 16, 2013, and executed by personal service on September 21, 2013. See Record Documents 3 and 4. The summons provided: "Within the time required by law, normally 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." See Record Document 3. No responsive pleading of any kind was filed by Cloud within this time period.

On October 23, 2013, Shelter filed a request for the Clerk of Court to enter a default against Cloud. See Record Document 5. The Clerk of Court filed a "Notice Of Entry Of Default" into the record on October 24, 2013. See Record Document 6. Shelter filed a motion for default judgment on November 8, 2013. See Record Document 7. Cloud failed to file any responsive pleadings and made no appearance.

Hatfield filed a motion to intervene on January 17, 2014. See Record Document 10. Neither Shelter nor Cloud opposed Hatfield's motion to intervene, and the court granted the motion on February 13, 2014. See Record Documents 13 and 14. Hatfield filed an answer to Shelter's complaint. See Record Document 15. Thereafter, Hatfield filed a motion to dismiss, or in the alternative a memorandum in opposition to Shelter's pending motion for a default judgment. See Record Document 17. Hatfield asserted that Shelter's claim for a declaratory judgment was not ripe and that Shelter was not entitled to a default judgment. See id. Shelter filed an opposition to the motion to dismiss and a reply brief in support of its motion for a default judgment. See Record Documents 21 and 22. The court ultimately denied both Hatfield's motion to dismiss and Shelter's motion for a default judgment. See Record Documents 23 and 24. Shelter has now filed the instant motion for summary judgment and Cloud has again failed to respond, although Hatfield has responded and opposed Shelter's motion. See Record Documents 30 and 32.

## II. LAW AND ANALYSIS

A.  **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care

Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.     Shelter Is Entitled To Summary Judgment.**

Hatfield filed a three-page opposition to Shelter's motion for summary judgment, in which she contends that Shelter cannot show that Cloud violated any condition of the Shelter Policy. Specifically, Hatfield alleges that Cloud satisfied all

of his obligations under the Shelter Policy because he informed Shelter's agent, Mr. Richard Jewell ("Jewell"), soon after the incident occurred. There is no dispute that Cloud did inform Jewell about the incident soon after it occurred. See Record Document 7, Ex. 1 at 13-14 and Ex. 2 at 12, 22-23. However, it is also clear that Shelter did not become aware of the fact that a lawsuit regarding the incident had been filed until after Hatfield obtained a default judgment against Cloud. See id., Ex. 1 at 14-15 and Ex. 2 at 13, 19.

Cloud did not give Shelter any notice of the Hatfield lawsuit until forwarding it a copy of the judgment against him on or about March 28, 2013, over three years after the lawsuit was first filed. See id., Ex. 1 at 14-15, Ex. 2 at 13, 23. Cloud claims that he was never served with the complaint from the Hatfield lawsuit. See id., Ex. 1 at 14-17, Ex. 2 at 12-13. However, a sheriff's return dated and filed February 3, 2010, shows that Cloud was personally served with the complaint. See id., Ex. 5. A sheriff's return is presumed prima facie correct and a presumption exists that the sheriff's return of service is valid. See La. Code Civ. P. art. 1292; Hatfield v. Cloud, 2013-01408, 2014 WL 1802903 (La. App. 3d Cir. May 7, 2014). Aside from Cloud's own testimony, no evidence has been introduced to show that he was not actually served with the complaint. As noted by Shelter, a party disputing the validity of the sheriff's return of service must present appropriate evidence, other than his own self-

7

serving testimony, to overcome the presumption of valid service. See id. The court finds there is no genuine dispute as to whether Cloud was served with the complaint in the Hatfield lawsuit.

The Shelter Policy requires Cloud to send Shelter "all legal papers that relate to any claim." Record Document 1, Ex. 1 at 12. Cloud's failure to send Shelter a copy of the complaint was a violation of the policy. Therefore, the court finds that Cloud clearly violated his requirements under his policy with Shelter.

In addition, Shelter has been substantially prejudiced. Because Cloud did not give Shelter the required notice of the Hatfield lawsuit, Hatfield was able to obtain a default judgment against Cloud for over two hundred thousand dollars in damages. See id., Ex. 7. Shelter lost any opportunity to contest either liability or the amount of damages awarded. Federal and state courts have found substantial prejudice against insurers under similar circumstances. See Thyssen, Inc. v. Nobility MV, 421 F.3d 295, 303-04 (5th Cir. 2005) (finding insurer was prejudiced when a default judgment was entered against its insured because the insurer would have defended the insured and the insured was not adequately represented by counsel); Elrod v. P.J. St. Pierre Marine, Inc., 663 So. 2d 859, 864 (La. App. 5th Cir. 1995) (finding insurer was prejudiced when a default judgment was entered against its insured, insured did not notify insurer of the lawsuit, and insurer did not have opportunity to present a

defense); Hallman v. Marquette Cas. Co., 149 So. 2d 131, 135 (La. App. 2d Cir. 1963)("[I]t would be difficult to conceive of greater prejudice . . . than a demand for payment of a default judgment of which a[n insurer] is totally ignorant, and which, through the failure of the [insured] to comply with the terms of the contract and forward the process and pleadings to the insurer, it has been deprived of its right to defend the action.").

Hatfield attempts to cast fault upon Shelter for "fail[ing] to investigate after being put on notice by their [sic] insured." Record Document 32 at 3. However, Shelter was never notified that a claim had been filed against Cloud. As stated in Elrod, "[t]he insurance policy provisions, which constitute the law between the parties, required that the insured notify the insurer if suit was filed." Elrod, 663 So.2d at 864. Just like the insurer in Elrod, Shelter reasonably relied on the policy provision and "did not waive its rights under the policy by not making independent inquiry as to whether suit had ever been filed." Id. Hatfield's attempt to place the burden upon Shelter to investigate is unavailing.

The court finds the relief requested by Shelter should be granted.[2] Shelter has shown that Cloud failed to comply with the terms of the Shelter Policy as to the damages alleged by Hatfield in the Hatfield lawsuit. Moreover, Shelter was prejudiced by Cloud's actions because there were defenses that could have been asserted in the Hatfield action which are now foreclosed due to the default judgment against Cloud. Therefore, Shelter is entitled to a declaratory judgment in its favor as follows: 1) there is no coverage under the Shelter Policy for the damages alleged by Hatfield in the Hatfield lawsuit, and 2) Shelter owes no duty to Cloud to defend or indemnify him regarding Hatfield's alleged damages.

---

[2] The Declaratory Judgment Act ("DJA") provides that, subject to certain exceptions, a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). When ruling on a declaratory judgment action, a court must ask three questions—first, whether the declaratory action is justiciable; second, whether the court has the authority to grant relief; and third, whether the court should exercise its discretion to decide or dismiss the action. See Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000). This declaratory judgment action is justiciable, the court has the authority to grant the relief requested, and the court should exercise its discretion to decide the claim.

## III. CONCLUSION

For the above stated reasons, Shelter's motion for summary judgment is **GRANTED.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this, the 29th day of April, 2015.

_____
JUDGE TOM STAGG